UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN MANUEL ALBARADO,

                      Petitioner,

       -against-

EX. DIRECTOR BRYAN COLLIER, TDJC, ET AL.

                      Respondents.

23-CV-2068 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner Juan Manuel Albarado, who is proceeding *pro se*, is currently detained in the Texas Department of Criminal Justice's French Robertson Unit, in Abilene, Texas. By order dated April 6, 2023, the Court transferred this action to the United States District Court for the Northern District of Texas, Abilene Division. That court acknowledged receipt of this action on April 14, 2023. More than six months later, on November 1, 2023, the Court received Petitioner's objection to the transfer order. (ECF 4.)

      The transfer of a case generally divests the transferor court of jurisdiction over the action. *See Drabik v. Murphy*, 246 F.2d 408, 409 (2d Cir. 1957) (holding that district court did not have jurisdiction to rule on a motion following physical transfer of case). A transferor court retains jurisdiction, however, in at least two circumstances. First, if the party seeking review of the transfer order acts to stay the transfer "prior to receipt of the action's papers by the clerk of the transferee court," the transferor court retains jurisdiction and can address such a request. *Warrick v. Gen. Electric Co.*, 70 F.3d 736, 739 (2d Cir. 1995); *see also Tlapanco v. Elges*, No. 15-CV-2852 (AJN), 2017 WL 4329789, at *3 (S.D.N.Y. Sept. 14, 2017) (holding that the transferor court retains jurisdiction if "a party opposing the transfer . . . preserve[d] his opportunity to attack the decision by filing a motion for a stay or for reconsideration or a notice of appeal in the

transferor court, or a petition for mandamus in a superior court, before the transfer is given effect").

Second, the transferor court retains jurisdiction if the Court "lacked power to issue the order of transfer" because the transferee district was not one where the action might have been brought. *See Warrick*, 70 F.3d at 739. There is some authority that "a district court may, at least if it is so instructed by a superior court, 'request the transferee court to return the case.'" *Williams*, 2015 WL 4743534, at *7 (quoting *In re Warrick*, 70 F.3d at 740). However, "[e]ven where the issue is lack of power, those attacking a transfer order should move swiftly for interim relief." *Farrell v. Wyatt*, 408 F.2d 662, 664 (2d Cir. 1969).

Here, the transferee court acknowledged receipt of this action on or about April 14, 2023, and Petitioner took no action until November 2023, long after the transfer had already taken effect. Thus, the transfer of this action divested the Court of jurisdiction to act in this matter. Additionally, Petitioner makes no sufficient argument that the transfer was void because the Northern District of Texas was not a district where the action might have been brought. Petitioner challenges, among other things, his conviction in the 104th District Court of Taylor County, Texas, which is in the Northern District of Texas. *See* 28 U.S.C. § 124(3) (Taylor County is in the Northern District of Texas). Accordingly, there is no basis for requesting that the Northern District of Texas return this action. Petitioner's objection to transfer is therefore dismissed for lack of jurisdiction.

## CONCLUSION

Petitioner's objection to transfer (ECF 4) is dismissed for lack of jurisdiction. Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 29, 2024
         New York, New York

                                       /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                      Chief United States District Judge